**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**WHATLEY COFFEE SERVICE, INC.**                                                    **PLAINTIFF**

v.                                    NO. 4:04-CV-01029 GTE

**SARA LEE CORPORATION and
SARA LEE INTERNATIONAL B.V.**                                                **DEFENDANTS**

## ORDER DENYING SUMMARY JUDGMENT
## ON REMAINING CLAIMS

The parties have responded to the Court's request for additional briefing on Plaintiff's remaining tortious interference claim based on the Ben E. Keith incident and the related breach of contract claim. The Court took both claims under advisement in its Order Granting Partial Summary Judgment and Taking Remaining Claims under Advisement, dated July 5, 2006 (Docket No. 94)(hereinafter "prior ORDER").

The remaining allegations concerning what Sara Lee did or did not do in connection with the Ben E. Keith matter are extremely fact intensive as can be seen by the parties' recent submissions. The Court, of course, is precluded at summary judgment from making any credibility determinations or from weighing the evidence. The Court concludes that it would be improper to dismiss the remaining tortious interference claim as a matter of law on this record.

With regard to Whatley's breach of contract claim, the Court notes that the claim is premised on the assertion that Sara Lee breached its obligation of good faith and fair dealing "by inducing Flash Market and assisting Keith to terminate its contract with the plaintiff and give its business to Keith." (Second Amended Complaint at ¶ 53). The Court acknowledges Whatley's

- 1 -

further explanation of this claim contained in its supplemental brief and also leaves further consideration of this claim for trial.

For the reasons herein stated,

IT IS HEREBY ORDERED THAT the Motion for Summary Judgment filed by Defendants Sara Lee Corporation and Sara Lee International B.V. (Docket No. 72) be, and it is hereby, DENIED as to the so-called Ben E. Keith incident, as asserted in Counts II and IV of the Second Amended Complaint.

IT IS SO ORDERED this  13th  day of July, 2006.

                                              /s/Garnett Thomas Eisele
                                          UNITED STATES DISTRICT JUDGE