**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**WHATLEY COFFEE SERVICE, INC.**                                        **PLAINTIFF**

v.                                   **NO. 4:04-CV-01029 GTE**

**SARA LEE CORPORATION and
SARA LEE INTERNATIONAL B.V.**                                  **DEFENDANTS**

**ORDER REGARDING COSTS AND ATTORNEY'S FEES**

Before the Court is a Motion for Costs and Attorney's Fees filed by Plaintiff Whatley Coffee Service, Inc. Defendants Sara Lee Corporation and Sara Lee International B.V. (collectively, "Sara Lee") have responded to the motion, to which Plaintiff Whatley replied. Whatley contends that it should be considered a "prevailing party" for purposes of an Arkansas statute permitting the recovery of attorney's fees in contract actions. Sara Lee disputes this contention. It is undisputed that Whatley is entitled to an award of costs, but the parties dispute the appropriate amount.

For the reasons stated below, the Court awards costs in the sum of $8,264.20, but declines to award any attorney's fees.

**DISCUSSION**

**The motion is timely filed**

The Court rejects Sara Lee's contention that Whatley's motion is untimely. On September 11, 2006, the Court overruled Sara Lee's post-trial, renewed Motion for Judgment as a Matter of Law. Plaintiff filed its motion for attorney's fees on September 25, 2006, within the fourteen day period for filing such motions. *See* Local Rule 54.1 (14 day period shall not

- 1 -

commence until after entry of order granting or denying the post-trial motion).

**Attorney's fees**

Plaintiff Whatley seeks an award of attorney's fees in the amount of $374,282.00. Any award of attorney's fees must be justified by Plaintiff's contractual claim that Sara Lee breached an implied duty of good faith and fair dealing, on which Plaintiff prevailed at trial but recovered no damages. Attorney's fees are not available for the tortious interference claim, the claim giving rise to the jury's award of $175,000 in damages.

The statutory authority for an award of attorney's fees is found in Ark. Code Ann. § 16-22-308, which provides:

> In any civil action to recover on an open account, statement of account, . . . or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Sara Lee contends that Whatley should not be considered a prevailing party because no damages were awarded in connection with Whatley's implied breach of contract claim. While Whatley prevailed on both claims submitted to the jury, the jury was only permitted to award damages in connection with the tortious interference claim. Whatley had planned to seek an award of lost profits following the loss of the Flash Market business as the measure of damages for the implied breach of contract claim. However, prior to the submission of the case to the jury, the Court ruled that lost profits were not a proper measure of damages for the implied breach of contract claim. No other evidence of damages as a result of the alleged contract breach was presented at trial. The Court permitted the contract claim to be submitted based on the theory that a party who is guilty of a breach of contract is liable for nominal damages if actual

- 2 -

damages cannot be proved. *See Belfour v. Raney*, 8 Ark. 479, 1848 WL 722 (1848); *Western Union Telegraph Co. v. Aubrey*, 61 Ark. 613, 33 S.W. 1063 (1896). Also, the Court recognized at the time that a potential issue existed with regard to an award of attorney's fees pursuant to Ark. Code Ann. § 16-22-308.

The potential issue has now become an existing issue. To the Court's knowledge, there is no Arkansas case law on point addressing this particular issue. The issue has been addressed in the context of other fee-shifting statutes. In the context of federal civil rights litigation, the Supreme Court has held that an award of nominal damages is sufficient to qualify the plaintiff for prevailing party status. *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566, 573 (1992). The Court further held in *Farrar* that while the "technical" nature of a nominal damages award would not deprive the plaintiff of prevailing party status, it would "bear upon the propriety of fees awarded." *Id.*, 506 U.S. at 114, 113 S.Ct. at 574. The approach used by the Court in *Farrar* likewise appears appropriate for applying the Arkansas' fee statute at issue in this case.

While Whatley technically prevailed on its implied breach of contract claim and therefore may be considered a "prevailing party," the nature of the victory will not support an award of attorney's fees in this particular case. The contract allegedly breached was a contract between Whatley and Sara Lee pursuant to which Sara Lee loaned money to Whatley, and Whatley agreed to purchase all of its coffee from Sara Lee. Whatley contended that Sara Lee, by causing Whatley to lose the Flash Market business breached the implied duty of good faith and fair dealing accompanying the contractual relationship in addition to committing a business tort. However, Sara Lee fulfilled its material contractual obligations by loaning Whatley money and selling Whatley all the coffee Whatley desired. By the time the alleged breach occurred, Whatley had paid most of the loan off. Thus, Whatley's theory that Sara Lee tortuously interfered with

Whatley's Flash Market business has an attenuated relationship, at best, to the contract.  The Court questioned at trial "the fit" between the plaintiff's theory of breach and the contract allegedly breached, but out of an abundance of caution elected to submit the claim to the jury.

This case was about tortious interference.  The proof at trial was about tortious interference.  The jury's verdict was about tortious interference.  The jury awarded damages for tortious interference and such damages – in the form of lost profits – were not available for Plaintiff's breach of contract claim, for the reasons stated by the Court at trial.

The Court concludes in the exercise of its equitable discretion that no attorney's fees should be awarded.

### **Costs**

Whatley seeks an award of costs, as follows:

| | |
|---|---|
| Filing fee | $    150.00 |
| Court reporter fees | $ 8,325.05 |
| Witness Fees | $     356.75 |
| TOTAL COSTS | $ 8,831.80 |

The parties agree that Whatley is entitled to an award of costs, but Sara Lee challenges certain costs for depositions and statements of witnesses claimed by Whatley.

The Court takes a broader view of recoverable deposition costs than that proposed by Sara Lee.  "When a deposition is not actually used at trial, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken." *See* 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 424.  The Court concludes that Whatley may recover all of the requested depositions.  This was a complicated case factually.  The Court accepts as reasonable the representation of Whatley's counsel that he believed such depositions were reasonably necessary at the time they were taken.

- 4 -

The Court will disallow the Court reporter fees in connection with the ex parte statements obtained from Shane and Jamie Patterson on June 15, 2005. Such fees total $ 567.60. Otherwise, the Court awards costs as requested by Plaintiff Whatley.

**CONCLUSION**

For the reasons herein stated,

IT IS HEREBY ORDERED THAT the Plaintiff Whatley Coffee Service's Motion for Costs and Attorney Fees (Docket No. 127) be, and it is hereby, GRANTED IN PART AND DENIED IN PART. The request for attorney's fees is denied. The request for costs is granted. Plaintiff Whatley Coffee Service is hereby awarded costs in the sum of Eight Thousand Two Hundred Sixty Four and Twenty Cents ($8,264.20), with interest accruing at an annual rate of 5.03%. Said interest shall be calculated from July 31, 2006, the date of the entry of judgment on the jury verdict. Said costs are due and payable immediately.

IT IS SO ORDERED this  22nd   day of January, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/Garnett Thomas Eisele
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE